### In re O'MALLEY & GLYNN.

(District Court, M. D. Pennsylvania. November 13, 1911.)

No. 1,810, In Bankruptcy.

BANKRUPTCY (§ 314*)—PROVABLE CLAIMS—RENTS.

    Bankrupts leased premises for five years, contracting to pay rental, and also to make certain improvements at their own expense. They made the improvements, but at the time of bankruptcy had not fully paid the contractor, who filed a mechanic's lien against the property. *Held*, that the fact of such claimed lien did not entitle the lessor to prove a claim for the amount against the estate, either as a preferential claim for rent under a state statute or as a general claim.

    [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 314.*]

In the matter of O'Malley & Glynn, bankrupts. On certificate of referee to review an order disallowing a claim for rent as preferred. Affirmed.

George D. Taylor, for claimant.
W. J. Jennings, for trustee and creditors.

WITMER, District Judge. The referee refused to allow, as preferred, a claim in the sum of $850, and his refusal has been certified for review at the instance of the claimant. O'Malley & Glynn, the bankrupts, rented from Adolph Blau a storeroom, and by the terms of the written lease the bankrupts, in addition to the specific rental stipulated, covenanted to make, at their own expense, certain repairs to the premises so leased by them. The term was for five years from the 1st day of August, 1908. The improvements were to be completed by the 1st day of April, 1910. On the 26th day of July, 1910, the Nay Aug Lumber Company, by contract with bankrupts, under-

took to make the required improvements for the sum of $1,150. The work was completed, on the 29th day of September, 1910. Thereafter, on the 14th day of January, 1911, the company filed a mechanic's lien against the leased premises, the property of Adolph Blau, for the sum of $850, representing the balance due upon its contract of improvement. The claimant insists that the amount covered by this lien is rental, and asks that the same be awarded as a preferred claim.

Section 64, subd. "b," cl. 5, Bankr. Act July 1, 1898, c. 541, 30 Stat. 563 (U. S. Comp. St. 1901, p. 3448), provides that:

"Debts owing to any person who by the laws of the state or the United States is entitled to priority shall be preferred."

The act of the General Assembly of Pennsylvania, passed the 16th day of June, A. D. 1836 (P. L. 777, § 83), provides that:

"The goods and chattels being in or upon any messuage, lands or tenements, which are or shall be demised for life, or years, or otherwise, shall be liable for the payment of any sums of money due for rent, at the time of taking such goods in execution; provided that such rent shall not exceed one year's rent."

The claimant relies upon these provisions to support his claim for preference. If the sum claimed is rental, not exceeding one year, due and owing Adolph Blau under the laws of the state of Pennsylvania, he is entitled to have the same awarded as a preferred claim. It will, however, require an extremely delicate process of reasoning to lead one to logically conclude that it is rental due and owing the claimant, unless a debt due and owing a third party might in some manner be construed as rental. It does not appear that Blau guaranteed the payment of the cost of the repairs undertaken by the bankrupts. He did not make or complete them, neither did he pay for the same himself, nor discharge any obligation undertaken by the lessees, and it is, furthermore, not certain that he, or his estate, is liable for the debt incurred. It is therefore needless to enter into a discussion of the character of this claim, unless it be determined that it is a debt demandable in any form by the claimant from the estate of the bankrupts.

Although a mechanic's lien has been filed against the premises of the claimant, it is by no means certain that the lien will be maintained. It is not intended here to express an opinion upon the merits or legality of this lien. It is not necessary for the purpose of this case, but, in view of the possible defenses that may be interposed, it does seem that judgment might be prevented, the payment of the lien avoided, and that, therefore, the claimant's account is somewhat uncertain.

The very theory of this claim, and the only one urged, is the possible liability of the claimant for payment of the lien recorded against his estate by those having contracted with the bankrupts for the repairs. If the lien is not legal or for any reason judgment thereon should fail, there would be no account of claimant which could in any form be a valid claim against bankrupts, and, if this court should award the claim as demanded, the strange anomaly might be pre-

sented of one having obtained an award of money without any legal, equitable, or actual right thereto.

The contract is a covenant on the part of the tenants to make certain enumerated repairs or improvements and in default of the performance thereof by the lessees, the lessor is authorized to do so at his own cost, and the amount so expended by the landlord in accomplishing or carrying into effect such covenant, according to the express terms of the contract, may be collected by "distraint or other proper process." But it is admitted that the lessees performed the covenant by causing the required repairs to be made and the claimant did not expend anything by reason of the lessees' failure to perform the covenant of improvement. In fact, there has been no failure to perform the covenant or contract with the landlord. The only failure alleged is that of nonpayment of the amount due the contractor from the bankrupts on account of their contract. The contractor is a third party, and there is no privity of contract between the landlord and it; no payment, or assumption of payments, on the part of the landlord, of the cost of the repairs, unless, without judicial determination, it will be assumed that the claimant will be required to pay a debt owing to a third party. This would be a mere guess, and the court is not willing, at the expense of admittedly bona fide creditors, to assume that which is at best only a possibility. The amount due the Nay Aug Lumber Company by bankrupts would not be a preferred claim if presented by the company itself, neither will the status of the claim be changed when presented by the landlord.

It is not in its present form, under any aspect, a debt, of any character whatever, due and owing the claimant. There are other and further valid reasons assigned by the learned referee justifying his conclusion to which I deem it unnecessary to call attention.

The conclusion and order of the referee are affirmed.